1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

9

| | |
|---|---|
| ZHIJIE ZHU, individually, | Case No. _____ |
| Plaintiff, | DEFENDANTS SHU-MEI WANG AND BEIJING MEN'S NOTICE OF REMOVAL TO FEDERAL COURT |
| v. | |
| SHU-MEI WANG and BEIJING MEN, as individuals, wife and husband, and the marital community composed thereof; JAMES THORPE and KIMBERLY THORPE, as individuals, husband and wife, and the marital community composed thereof, SETH HECK and JANE DOE HECK, as individuals, husband and wife, and the marital community composed thereof; NORTHLAKE CAPITAL and DEVELOPMENT, LLC, a Washington limited liability company; 183RD SHORELINE APARTMENTS, LLC, a Washington limited liability company; 5326 ROOSEVELT WAY, LLC, a Washington limited liability company; and 4206 7TH AVE, LLC, a Washington limited liability company, | |
| Defendants. | |

10
11
12
13
14
15
16
17
18
19
20
21

22
23
24
25
26

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Shu-Mei Wang and Beijing Men (hereinafter, collectively "Defendants Wang") hereby give Notice of Removal of this action, captioned *Zhijie Zhu, individually v. Shu-Mei Wang and Beijing Men, as individuals, wife and husband, and the marital community composed thereof; et al.* to the United States

DEFENDANTS SHU-MEI WANG AND BEIJING MEN'S NOTICE OF REMOVAL TO FEDERAL COURT - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\137206\280942\KJSC\37343455.1

District Court for the Western District of Washington – Seattle. Plaintiff, Zhijie Zhu (hereinafter, "Plaintiff Zhu") filed his Complaint on August 7, 2023. Thereafter, on August 10, 2023 Plaintiff Zhu served a copy the Summons and Complaint on Defendant Wang. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and to remove this action to this Court from the Superior Court of the State of Washington in and for King County (hereinafter, "King County Superior Court") pursuant to 28 U.S.C. §§ 1332(a)(4) and 1441, because there is complete diversity among the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, Defendants Wang timely remove this action to the U.S. District Court for the Western District of Washington – Seattle.

## I.    STATE COURT ACTION

Plaintiff Zhijie Zhu (hereinafter, "Plaintiff Zhu"), a resident of Kunming City, China, served Defendants Wang with the Summons and Complaint on August 10, 2013. Declaration of Karleen J. Scharer (hereinafter, "Scharer Decl.") ¶ 2. On August 7, 2023, Plaintiff Zhu filed the Complaint in King County Superior Court, where it was assigned Case No. 23-2-14637-9 SEA. **Scharer Decl. Ex. A.** The Complaint asserts claims under Washington State law for breach of contract, violations of the Washington State Securities Act, violations of Washington's Consumer Protection Act, negligent misrepresentation, intentional misrepresentation (fraud), and unjust enrichment .**Scharer Decl. Ex. A (**Compl. ¶¶ 58-93). Plaintiff seeks damages, "including trebling of damages, in an amount to be proven for all amounts due under the Promissory Notes including the principal, interest, default interest, late charges, loan fee and attorneys' fees due;" attorneys' fees and costs; and "any further or

DEFENDANTS SHU-MEI WANG AND BEIJING
MEN'S NOTICE OF REMOVAL TO FEDERAL
COURT - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

additional relief in accordance with the complete equitable relief, or such other relief which the Court finds appropriate or just." (Compl., § XI Relief Requested).

On August 10, 2023, Defendants Wang were served by Plaintiff Zhu with a copy of the Summons and Complaint. **Scharer Decl. Ex. B** (Confirmation of Service).   When a defendant receives a copy of the complaint or service of the summons and complaint, then "a named defendant's time to remove is triggered…" *Green v. Wachovia Mortg. FSB,* No. CV-11-3047, 2011 U.S. Dist. LEXIS 80923 (2011)(E.D. Wash. July 25, 2011) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999)).

## II.   GROUNDS FOR REMOVAL

This action is removable because complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b). For these reasons, removal is proper. 28 U.S.C. § 1441(a).

### A.  There is complete diversity of citizenship.

To establish complete diversity, the controversy must arise between citizens of "a foreign state… as plaintiff and citizens of a state or different states." 28 U.S.C. 1332(a)(4). A natural person's citizenship is determined by his or her domicile. *Kanter v. Warner-Labert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). "The place where a person lives is taken to be his domicile until facts adduced establish to the contrary." *Anderson v. Watts,* 138 U.S. 694, 706, 11 S. Ct. 449, 452 (1891). Plaintiff Zhu alleges he is a resident of Kunming City, China. **Scharer Decl. Ex. A** (Compl. ¶ 1). Defendants to this action are domiciled in King County, Washington. *Id.* at ¶¶ 2-8. Because Plaintiff is a citizen of China and Defendants are citizens of King County, Washington, there is complete diversity of citizenship for purposes of

DEFENDANTS SHU-MEI WANG AND BEIJING MEN'S NOTICE OF REMOVAL TO FEDERAL COURT - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

jurisdiction under 28 U.S.C. § 1332(a).

**B.  Plaintiff alleges an amount in controversy that exceeds $75,000.**

For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that the amount in controversy exceeds $75,000, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). Here, it is not facially evident from the Complaint that the amount in controversy exceeds the jurisdictional requirement under 28 U.S.C. § 1332.  However, pursuant to LCR 101(a), "a reasonable person, reading the complaint of the plaintiff, would conclude the plaintiff was seeking damages in an amount greater than the minimum jurisdictional amount of this court." Plaintiff alleges that he is entitled to damages, including "trebling of damages, in an amount to be proven for all amounts due under the Promissory Notes including the principal, interest, default interest, late charges, loan fee and attorney's fees due." **Scharer Decl. Ex. A** (Compl., XI. Relief Requested). Further, Plaintiff alleges he conferred a benefit on defendants of $1,130,000, which unjustly enriched Defendants, and as such he is entitled to damages related thereto. *Id.* at ¶ 90. Plaintiff also claims he owed at least $127,500 pursuant to a forbearance agreement with Defendant Thorpe. *Id.* at ¶ 55. Accordingly, by a preponderance of the evidence the amount in controversy exceeds the jurisdictional requirement under 28 U.S.C. § 1332(a).

### III.    INTRA-DISTRICT ASSIGNMENT AND VENUE

This Court is the district and division embracing the place where the State Court action

DEFENDANTS SHU-MEI WANG AND BEIJING MEN'S NOTICE OF REMOVAL TO FEDERAL COURT - 4

PDX\137206\280942\KJSC\37343455.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

is currently pending (King County, Washington). It is therefore the appropriate court for removal pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446(a). This action is being removed to the Seattle Division because it is pending in King County Superior Court, Defendants Wang reside in King County, and the events that are the subject of Plaintiff's Complaint occurred in King County. *See* W.D. LCR 3(e)(1); **Scharer Decl. Ex. A** (Compl. ¶¶ 2-8).

Venue is proper under 28 U.S.C. § 1391(b) because the Defendants reside in King County and the events that are the subject of Plaintiff's Complaint also occurred in King County. **Scharer Decl. Ex. A** (Compl. ¶¶ 2-8; 10).

## IV.    REMOVAL IS TIMELY

On August 10, 2023, Defendants Wang served by Plaintiff Zhu with a copy of the Summons and Complaint. **Scharer Decl. Ex. B** (Confirmation of Service).  When a defendant receives a copy of the complaint or service of the summons and complaint, then "a named defendant's time to remove is triggered…" *Green v. Wachovia Mortg. FSB,* No. CV-11-3047, 2011 U.S. Dist. LEXIS 80923 (2011)(E.D. Wash. July 25, 2011) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999)). This Notice of Removal (filed September 5, 2023) is therefore timely filed within the 30 days allowed under 28 U.S.C. § 1446(b)(1), (2)(B).

## V.    NOTICE TO STATE COURT AND TRANSFER OF RELEVANT MATERIALS

Attached to this Notice is a true copy of the Complaint that Plaintiff served on Defendants Wang and filed in King County Superior Court. *See* **Scharer Decl. Ex. A.** Copies of all other process, pleadings, and orders filed in this action in King County Superior Court are attached to the separately filed Verification of State Court Records. Proof of Notice to

DEFENDANTS SHU-MEI WANG AND BEIJING
MEN'S NOTICE OF REMOVAL TO FEDERAL
COURT - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

Plaintiff and to the Clerk of the King County Superior Court will be filed separately.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, including without limitation any defense available under Fed. R. Civ. P. 12, or any other procedural or substantive defense available under State or Federal law.

Defendants reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE,** Defendants give notice that this matter is removed to the United States District Court for the Western District of Washington (Seattle Division), and requests this Court retain jurisdiction for further proceedings pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated this 8th day of September, 2023.

SCHWABE, WILLIAMSON & WYATT, P.C.

By:   *s/ David R. Ebel*
      David R. Ebel, WSBA #28853
      Email:  debel@schwabe.com

By:   *s/ Karleen J. Scharer*
      Karleen J. Scharer, WSBA #48101
      Email:  kscharer@schwabe.com

      1420 5th Avenue, Suite 3400
      Seattle, WA  98101-4010
      Telephone: 206-622-1711
      Facsimile: 206-292-0460
      *Attorneys for Defendants Mei Wang and Beijing Men*

DEFENDANTS SHU-MEI WANG AND BEIJING
MEN'S NOTICE OF REMOVAL TO FEDERAL
COURT - 6
PDX\137206\280942\KJSC\37343455.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2023, I caused to be served the foregoing DEFENDANTS SHU-MEI WANG AND BEIJING MEN'S NOTICE OF REMOVAL TO FEDERAL COURT on the following parties via the CM/ECF system for the US District Court, Western District of Washington:

Daniel J. Frohlich, WSBA #31437
DICKSON FROHLICH
PHILLIPS BURGESS, PLLC
2101 4th Avenue, Suite 700
Seattle, WA 98121
dfrohlich@dfpblaw.com
*Attorneys for Plaintiff*

Danial D. Pharris, WSBA # 13617
Paul J. Spadafora, WSBA # 49777
LASHER HOLZAPFEL
SPERRY EBBERSON PLLC
2600 Two Union Square
601 Union Street
Seattle, WA 98101
pharris@lasher.com
spadafora@lasher.com
*Attorneys for Defendants James Thorpe, Kimberly Thorpe, Seth Heck, Northlake Capital and Development, LLC, 183rd Shoreline Apartments, LLC, 5326 Roosevelt Way, LLC and 4206 7th Ave LLC*

*s/ Karleen J. Scharer*
Karleen J. Scharer, WSBA #48101

CERTIFICATE OF SERVICE - 1