# EXHIBIT A

# EXHIBIT A

ØŠÒÖ
GŒGŅĤÁŒŴÕÁĒĨ Á̃Ē̃ŀ̃ŀ̃ ÁÚT
SŒÖÁÔÛŴÞÝ
ÙŴÚÒÜÒŪÁÔÛŴÜÁÕŠÒÜS
ÒŠŠÒÖ
ÔŒŒÛ̃ÒÁŃ̃ŒĤ̃ŒĒ̃FĤ̃ŀ̃Ë̃ÁÛŒŒ

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ZHIJIE ZHU, individually, | No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| SHU-MEI WANG and BEIJING MEN, as individuals, wife and husband, and the marital community composed thereof; JAMES THORPE and KIMBERLY THORPE, as individuals, husband and wife, and the marital community composed thereof, SETH HECK and JANE DOE HECK, as individuals, husband and wife, and the marital community composed thereof; NORTHLAKE CAPITAL and DEVELOPMENT, LLC, a Washington limited liability company; 183RD SHORELINE APARTMENTS, LLC, a Washington limited liability company; 5326 ROOSEVELT WAY, LLC, a Washington limited liability company; and 4206 7TH AVE, LLC, a Washington limited liability company, | |
| Defendants. | |

COMES NOW the Plaintiff, ZHIJIE ZHU, by and through his attorney of record, and

for its causes of action against Defendants allege as follows:

COMPLAINT
Page 1 of 17

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

## I. **PARTIES**

1.      Plaintiff Zhijie Zhu is a resident of Kunming City, China.

2.      Defendants Shu-Mei Wang and Beijing Men are wife and husband and compromise a marital community in the state of Washington and, upon information and belief, reside in King County, Washington.  All actions of Defendant Shu-Mei Wang were for the benefit of her martial community (herein "Defendant Shu-Mei Wang").

3.      Defendants James Thorpe and Kimberly Thorpe are husband and wife and compromise a marital community in the state of Washington and, upon information and belief, reside in King County, Washington. All actions of Defendant Thorpe were for the benefit of his martial community.

4.      Defendants Seth Heck And "Jane Doe" Heck, are husband and wife and compromise a marital community in the state of Washington and, upon information and belief, reside in King County, Washington. All actions of Defendant Heck were for the benefit of his martial community.

5.      Defendant Northlake Capital and Development, LLC, is a Washington limited liability company, with its principal place of business in King County, Washington

6.      Defendant 183rd Shoreline Apartments, LLC, is a Washington limited liability company, with its principal place of business in King County, Washington

7.      Defendant 5326 Roosevelt Way LLC, is a Washington limited liability company, with its principal place of business in King County, Washington

8.      Defendant 4206 7th Ave LLC, is a Washington limited liability company, with its principal place of business in King County, Washington

COMPLAINT
Page 2 of 17

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4th Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ST Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

9.     Plaintiff reserves the right to add such further in additional Defendants identified during the course of discovery in this matter.

## II.     JURISDICTION & VENUE

10.     Jurisdiction and venue are appropriate in King County, Washington, pursuant to RCW 4.12, et seq. The acts complained of herein and resulting damages occurred in King County, Washington and the action concerns contract(s) entered into in King County, Washington.

## III.     MATERIAL FACTS

11.     Defendant Shu-Mei Wang holds herself out as a local Seattle area real estate developer, working with Defendant James Thorpe, with over 30 years of experience in obtaining substantial returns for those who invest money with her.

12.     In September of 2018, Defendant Shu-Mei Wang started soliciting investors for a real estate project in Seattle commonly known as the 183rd Shoreline Apartments project (the "Project").

13.     Defendant Shu-Mei Wang represented this new Project needed about a $1.5 million dollars loan, and the return would be 22% annual interest with a repayment term of twelve (12) months.

14.     Defendant Shu-Mei Wang further represented that she was a successful investor and has successful investment experience in projects by Defendant Jim Thorpe. Defendant Shu-Mei Wang represented that the investment has a very low risk because the loan would be secured by real property, a quality existing asset.

15.     In early October of 2018, Defendant Shu-Mei Wang provided a sample promissory note, provided joint investment documents between her husband's relative (Mr.

COMPLAINT
Page 3 of 17

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA                    SEATTLE                    OLYMPIA
1200 East D Street    2101 4th Avenue, Ste. 700    111 21ST Avenue SW
Tacoma, WA 98421      Seattle, WA 98121         Olympia, WA 98501
(253) 572-1000        (206) 621-1110            (360) 742-3500

www.DFPBlaw.com

An) and herself, and a sample deed of trust of $1.5 million dollars. Defendant Shu-Mei Wang further offered to introduce Plaintiff to Jim Thorpe, the manager of Defendant Northlake Capital + Development, LLC.

16.     Defendant Shu-Mei Wang shared an electronic file with Plaintiff showing that Defendant Northlake had current assets of twenty (20) properties it had purchased in the amount of $26,334,000, and a total finished value of $96,050,000.

17.     On October 5, 2018, Defendant Shu-Mei Wang drove Plaintiff Zhu to the business office of Defendant Northlake to meet Defendant Thorpe and Defendant Heck and discuss the Project.

18.     During the meeting, Defendant Thorpe and Defendant Heck presented Plaintiff Zhu information about the company, Project information and the investment plan. However, neither Defendant Thorpe nor Defendant Heck explained to Plaintiff Zhu that Defendant Shu-Mei Wang was salesperson or employee of Defendant Northlake.

19.     During the meeting, Defendant Thorpe represented to Plaintiff Zhu that the investment in the Project was safe and showed Plaintiff Zhu marketing materials that listed Defendant Northlake' past successful projects.  Defendant Thorpe and Defendant Heck, announced at the meeting that they have successfully invested in 12-month real estate projects, achieved high profits, and even doubled real estate after one-year renewal process. All successfully returning investor's capital at an average return on investment of twenty-five percent (25%).

20.     Defendant Thorpe also represented to Plaintiff Zhu that Northlake had sufficient assets to secure the investment. Defendant Thorpe said he has more than $26 million dollars of company assets and several million dollars of self-owned property.

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4th Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ST Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

21.     Defendant Thorpe and Defendant Heck also introduced the shoreline project to Plaintiff Zhu, it also involved a 12-month period loan with low risk and would be secured by real property, a quality existing asset.

22.     Defendants also told Plaintiff Zhu that loan funds will be used to close on the development site (spanning seven (7) parcels), draft plans and design the 200,000+ square foot building, cover all soft costs involved, and then return Plaintiff Zhu's loans within 12 months.

23.     After meeting, Defendant Shu-Mei Wang took Plaintiff Zhu to visit the real property at 18110 Midvale Ave N Shoreline, WA 98133.  Defendant Shu-Mei Wang showed Plaintiff Zhu around the property, and Defendant Shu-Mei Wang said if Defendant Thorpe went bankrupt, Plaintiff Zhu could take over the property, sell it and get the loan capital back as the property value is high enough to easily pay back any loaned funds.

24.     After the meeting, Defendant Heck sent Plaintiff Zhu an email suggesting Defendant Shu-Mei Wang would be in touch with Plaintiff Zhu for the investment.  Attached to Defendant Heck's email was a package consisting of a brochure and an investment proposal (collectively "Heck Email Promotion Materials") for the Project.

25.     Unbeknownst to Plaintiff Zhu, there were numerous false representations in the Heck's Email Promotion Materials, which will be discussed below.

26.     As a further inducement to Plaintiff Zhu, Defendant Shu-Mei Wang promised to Plaintiff Zhu that she was also investing $80,000 into the Project as an investor.

27.     On or about November 15, 2018, relying on information provided by Defendant Shu-Mei Wang, Defendant Thorpe and Defendant Heck about the Project, Plaintiff

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4ᵗʰ Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ˢᵀ Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

invested $500,000 into the Project and wired the investment funds to the bank account in accordance with the instruction and information provided by Defendant Shu-Mei Wang.

28.     Defendant Shu-Mei Wang provided Plaintiff Zhu the wire instructions and bank information of Defendant Northlake and confirmed receipt of Plaintiff Zhu's investment funds.

29.     On or about November 22, 2018, Defendant Shu-Mei Wang's WeChat message said that, "I just made a $80,000 remittance. Allen's remittance was completed last week, and Beibei's remittance is completed today."

30.     Unbeknownst to Plaintiff Zhu, Defendant Shu-Mei Wang received a ten percent (10%) commission after Plaintiff Zhu's remittance. This commission was concealed from Plaintiff Zhu.

31.     On November 23, 2018, Defendant Shu-Mei Wang delivered Defendant Thorpe's confirmation that Plaintiff Zhu's $500,000 had been fully received.

32.     Thereafter, in November of 2018, Defendant Shu-Mei Wang forwarded a PDF file containing a promissory note and deed of trust, which were different than the example promissory note and deed of trust previously provided to Plaintiff.

33.     The promissory note (the "Promissory Note") was signed by Jim Thorpe as both manager of Defendant 183rd Shoreline Apartments, LLC and Defendant Northlake Capital + Development, LLC, and Jim Thorpe personally.

34.     The Promissory Note required interest only payments beginning 30 days after the Funding Date.

35.     Before Plaintiff Zhu's investment, the Defendants represented that the investment term would be twelve (12) months.   After Plaintiff Zhu's remittance, the

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4th Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ST Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

Defendant Thorpe unilaterally added a 3-month extension clause into the Promissory Note, which was not agreed by Plaintiff Zhu.

36.     At no time did any Defendants provide Plaintiff with the private placement memorandum.  Defendants never provided Plaintiffs with any outline or information related to any type of risk investing in any of the Defendants' projects.

37.     At no time did any of the Defendants provide to the Plaintiff Zhu any information or documents disclosing the relationship between Defendant Northlake and the property management companies.

38.     At no time did any of the Defendants ever provide to the Plaintiff Zhu any documents or information regarding the Defendant Shu-Mei Wang commission she would receive related to the investment monies paid by the Plaintiff Zhu.

39.     At no time did any of the Defendants provide any documents or information to the Plaintiff regarding the debt, fees, expenses, costs, and income of Defendant Northlake received from the properties it owns or manages.

40.     Unbeknownst to Plaintiff Zhu, the property (18110 Midvale Ave N Shoreline, WA 98133) as identified in the Deed of Trust granted to Plaintiff Zhu, did not belong to Defendant Thorpe, or any related entity, and the Deed of Trust had not been recorded with King County as stated in the Promissory Note between the parties.

41.     On January 30, 2019, Defendant Shu-Mei Wang informed Plaintiff Zhu that the recording of the Deed of Trust was delayed.  Defendant Shu-Mei Wang also informed Plaintiff Zhu that the transfer of ownership to the property was to occur on or before March 15, 2019.  However, it was later learned that the Deed of Trust was not recorded until May 16, 2019.

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

42.     By May 16, 2019, when Plaintiff Zhu's Deed of Trust was recorded, unbeknownst to Plaintiff Zhu, there was another deed of trust that had been recorded against the property taking priority over Plaintiff Zhu's Deed of Trust.

43.     Upon information and belief, Defendant Thorpe has obtained a $1.5 million dollar loan and used the property as collateral with a deed of trust recorded on or about May 2, 2019.  This loan and the deed of trust was never disclosed to Plaintiff Zhu at any time.

44.     Since early of 2019, Defendant Shu-Mei Wang continued to encourage Plaintiff Zhu to invest additional funds into the Project and a new project.

45.     Defendant Shu-Mei Wang had informed Plaintiff Zhu, "This is the company's current assets and projects Pipeline.pdf. The company's finance is still sound. Investors are also very supportive. All funds have a high reinvestment rate, so the risk is very low. I hope you can cooperate to complete more and better projects".

46.     Defendant Thorpe and Defendant Shu-Mei Wang sent a large amount of information claiming that business would be better and claimed that Defendant Shu-Mei Wang, as a co-investor, will continue to invest in new projects and earn stable returns. Encouraged by this information, Zhu continued to invest in two projects according to Defendant Shu-Mei Wang 's instructions.

47.     On February 28, 2019, Defendant Shu-Mei Wang continued to encourage Zhu to invest $380, 000 in the second project - 5326 Roosevelt Way - claiming to be a simultaneous investor with an investment amount of $20,000.

48.     Defendant Shu-Mei Wang continued to encourage Zhu to invest in the third project - 4206 7th Ave - on April 12, 2019 with amount of $250,000.  Defendant Shu-Mei Wang claimed to be a simultaneous investor with an investment amount of $250,000.

COMPLAINT
Page 8 of 17

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4th Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ST Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

49.     In November of 2019, Plaintiff Zhu learned from Defendant Heck that Defendant Northlake would not be able to fulfill its repayment obligations under the Promissory Note.

50.     As of November 2019, Plaintiff Zhu made numerous demands for payment according to the Promissory Note and Deed of Trust between the parties.  In response to the demands for payment by the Plaintiffs, Defendant Heck requested Plaintiff Zhu grant a six-month (6 month) extension for Defendant Northlake's repayment obligation to Plaintiff Zhu.

51.     Defendant Thorpe unilaterally executed an addendum to the Promissory Note extending the maturity date for six months, without the knowledge, permission, or approval of Plaintiff Zhu.

52.     As of March 2020, Defendants stopped making their monthly payments to the Plaintiff Zhu, and have not cured their default(s).

53.     Unbeknownst to Plaintiff Zhu, there were numerous false representations contained in Defendant Shu-Mei Wang's email and WeChat which provided the Promotion Materials given to Plaintiff, including, but not limited to:

a.     The offered investment term of 12-months was false.  Defendant Heck subsequently admitted that from the beginning of the negotiation, all Defendants knew that the actual investment term would be at least eighteen (18) months.

b.     The Investment Proposal stated that all "funds will be used to close on the development site spanning 7 parcels, design the 200,000 + sf building, and all soft costs involved."   However, Defendant Heck has admitted the reason Defendant Northlake cannot re-pay the Promissory Note was because he had to "deploy the money into high returning real estate projects similar to this one."  And "To help you

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4th Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ST Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

1   with understanding some of the specifics, we have about $8.5 Million total costs into

2   the project. The current value of the project is somewhere between $12 Million-$14

3   million to the next buyer."

4           c.      Moreover, the Investment Proposal contains inaccurate information

5   about Defendant Northlake's past transactions and financial well-being.

6   54.     Upon information and belief, Defendant Thorpe took Plaintiff Zhu's

7   investment money for the Project and spent it for his own purposes or used it to pay off other

8   investors.

9   55.     On June 4, 2021, Defendant Thorpe signed Forbearance agreement with

10  Plaintiff Zhu. Forbearance agreement was signed, agreeing on installment repayment matters

11  and agreeing that the first-year repayment amount should not be less than $230,000. However,

12  the repayment has only amounted to $102,500.

13  56.     Based upon the information obtained after the investment of their monies,

14  Plaintiff Zhu would never have invested in the Defendants' Project, as disclosed above, as the

15  Defendants were not truthful to Plaintiff Zhu.

16  57.     To date, Defendants have failed to make the required payments along with any

17  late charges or other fees and costs pursuant to the terms of the Promissory Note.

18          **IV.     CAUSE OF ACTION – BREACH OF CONTRACT**

19  58.     Plaintiff reallege and asserts the previous allegations of this Complaint as if

20  fully set forth herein.

21  59.     The Promissory Note between Plaintiff and Defendants 183rd Shoreline

22  Apartments, LLC, Northlake Capital + Development, LLC, and Defendant Thorpe is a valid,

23  enforceable contract.

COMPLAINT
Page 10 of 17

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

60.     The Promissory Note between Plaintiff and Defendants 4206 7th Ave, LLC, Northlake Capital + Development, LLC, and Defendant Thorpe is a valid, enforceable contract.

61.     The Promissory Note between Plaintiff and Defendants 5326 Roosevelt Way, LLC, Northlake Capital + Development, LLC, and Defendant Thorpe is a valid, enforceable contract.

62.     Plaintiff fully performed under the Promissory Notes and Deeds of Trust, executed between the parties, by tendering funds to Defendants as agreed.

63.     The Defendants have failed to make all payments when due under the Promissory Note as executed by the Parties.

64.     As a result, all amounts due under the Promissory Notes are now due and payable including, but not limited to, the principal, interest, default interest, late charges, loan fees and attorney's fees, in such amounts to be proven at trial.

## V.      CAUSE OF ACTION –

## VIOLATIONS OF THE WASHINGTON STATE SECURITIES ACT

65.     Plaintiff realleges and asserts the previous allegations of this Complaint as if fully set forth herein.

66.     As a seller of securities in the form of investments in the investment agreements, Defendants made untrue statements of material fact to Plaintiff in violation of RCW 21.20.010.

67.     In particular, Defendants misrepresented to Plaintiff the scope of the timing of the investment, the investors in the investment, the commission procured by Defendant Shu-

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4th Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ST Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

Mei Wang, who held title to the subject property, and that the transaction would be secured by a Deed of Trust in first position on the property.

68.     Plaintiff reasonably and justifiably relied on Defendants' representations when Plaintiff tendered funds to the Defendants believing that the money was going into a secured investment.

69.     The sale of an interest in the Project described herein was the sale of an unregistered security as defined by Washington law. The misrepresentations, acts, and practices of Defendants, as described in this Complaint, were made in violation of RCW 21.20 *et seq.* and for the purpose of inducing Plaintiffs to invest money, and constitute:

        a.     The employment of a devise, scheme, or artifice to defraud;

        b.     Untrue and misleading statements of material fact and/or omissions of material facts necessary in order to make the statements and representations made by the Defendants;

        c.     Acts, practices, or courses of business that operated as a fraud or deceit upon the Plaintiffs.

70.     Defendants' misrepresentations, acts, omissions, and practices violated RCW 21.20 *et seq* and caused damages to the Plaintiff in an amount to be proven at trial.

71.     The Plaintiff has been damaged by the wrongful conduct of Defendants in an amount to be proven at time of trial.

## VI.     <u>CAUSE OF ACTION –</u>

## <u>VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION</u>

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

72.     Plaintiff realleges and asserts the previous allegations of this Complaint as if fully set forth herein.

73.     Defendants' acts and representations constitute unfair and deceptive acts or practices in the conduct of trade or commerce that affect the public interest within the meaning of the Consumer Protection Act, RCW 19.86.

74.     The Plaintiff has been damaged by the wrongful conduct of Defendants in an amount to be proven at time of trial.

### VII.     CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION

75.     Plaintiff realleges and asserts the previous allegations of this Complaint as if fully set forth herein.

76.     Defendants knew the Plaintiff was relying on their advice and ability to invest Plaintiffs' money into the Project as described above and informed by the Defendants to the Plaintiffs.

77.     In the course of managing the Plaintiff's investment, Defendants provided Plaintiff with information and direction they knew or should have known to be false.

78.     Defendants knew and intended to supply such information and advice for the benefit and guidance in making Plaintiff's investment decisions.

79.     Defendants were negligent in providing such information and advice to Plaintiffs and failed to exercise reasonable care and skill.

80.     Plaintiff reasonably relied on Defendants' false information.

81.     Plaintiff has been damaged in an amount to be proven at time of trial.

### VIII.     CAUSE OF ACTION – INTENTIONAL MISREPRESENTATION

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
| --- | --- | --- |
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

82.     Plaintiff realllege and asserts the previous allegations of this Complaint as if fully set forth herein.

83.     Defendants represented to Plaintiff certain facts, including but not limited to, facts about this investment and terms of the investment.

84.     The facts represented by Defendants were material.

85.     The facts represented by Defendants were false.

86.     Defendants intended for Plaintiff to rely on their representations and Plaintiff was ignorant of the falsity of the representations.

87.     Plaintiffs relied on Defendants' representation and they had a right to rely on the representations.

88.     Plaintiff has suffered damages as a result of the representations in an amount to be proven at trial.

## IX.     CAUSE OF ACTION – UNJUST ENRICHMENT

89.      Plaintiff realllege and asserts the previous allegations of this Complaint as if fully set forth herein.

90.     Plaintiff conferred a benefit upon Defendants by providing monies to them in the amount of $1,130,000.

91.     The benefit was accepted by Defendants.

92.     Under the circumstances, it is unjust to allow Defendants to retain the benefit without payment for its value.

93.     Defendants have been unjustly enriched in an amount to be proven at trial, including the principal, interest, default interest, late charges, loan fee and attorney's fees due under the Promissory Notes.

COMPLAINT
Page 14 of 17

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

## X.   <u>RESERVATION</u>

94.     As this case progresses, Plaintiff reserves the right to amend this Complaint to include additional causes of action and/or for change of venue.

## XI.   <u>RELIEF REQUESTED</u>

WHEREFORE, having alleged and averred causes of action against the named Defendants, the Plaintiff respectfully requests that a judgment be entered against the Defendants as follows:

1.     For an award of the damages, including trebling of damages, in an amount to be proven for all amounts due under the Promissory Notes including the principal, interest, default interest, late charges, loan fee and attorney's fees due;

2.     Awarding Plaintiff his attorney fees and costs, pursuant to the Promissory Notes and Deeds of Trust, under Washington law or statute, or any recognized basis in equity, as well as statutory fees and costs incurred in this action;

3.     Awarding Plaintiff any further or additional relief in accordance with the complete equitable relief, or such other relief which the Court finds appropriate or just; and

4.     Granting Plaintiff leave to amend this Complaint as necessary during the course of the litigation.

DATED this _7th_ day of August 2023.

DICKSON FROHLICH
PHILLIPS BURGESS, PLLC

By:_____
DANIEL J. FROHLICH, WSBA No. 31437
Attorney for Plaintiff Zhu
Email: dfrohlich@dfpblaw.com

COMPLAINT
Page 15 of 17

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4th Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ST Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

1

2

3

4

5

6

7

## PLAINTIFF'S CERTIFICATION

8

9     ZHIJIE ZHU a married man in his individual capacity, state that I am the Plaintiff in

this matter and I have read this Complaint, I agree to the contents of the Complaint and

10

believe it to be true to the best of my knowledge.

11

12    Signed in Kunming City, China on this _6th___ day of August 2023.

13

14    _____
ZHIJIE ZHU, Plaintiff

15

16

17

18

19

20

21

22

23

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
| --- | --- | --- |
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|--------|---------|---------|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com