THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZHIJIE ZHU,<br><br>         Plaintiff,<br><br>    v.<br><br>SHU−MEI WANG et al.,<br><br>         Defendant. | CASE NO. C23-1395-JCC<br><br>ORDER |

This matter comes before the Court on Attorneys Danial D. Pharris and Paul J. Spadafora's motion to withdraw as counsel for Defendants James Thorpe, Kimberly Thorpe, Seth Heck, Jane Doe Heck, Northlake Capital and Development, LLC, 183rd Shoreline Apartments, LLC, 5326 Roosevelt, Way, LLC and 4206 7th Ave, LLC (Dkt. No. 12). Plaintiff opposes this motion (Dkt. No. 13). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

An attorney may not withdraw an appearance in any case without leave of the court. LCR 83.2(b)(1). And to the extent leave is given, ordinarily, it must be no less than sixty days prior to the discovery cut-off. *Id.* However, the Court retains discretion to allow withdrawal at any time. *See, e.g.*, *Putz v. Golden*, 2012 WL 13019202, slip op. at 3 (W.D. Wash. 2012).

When evaluating a motion to withdraw, courts may consider a variety of factors, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to

other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Russell v. Samec*, 2021 WL 3130053, slip op. at 1 (W.D. Wash. 2021) (internal citations omitted). But if a withdrawal will leave a party unrepresented, the motion must include the party's address and telephone number and must be served on the client and opposing counsel. LCR 83.2(b)(1).

Here, counsel seeks to withdraw due to "professional considerations that implicate the attorney-client relationship" and potential conflicts of interest. (Dkt. No. 12 at 2.) Counsel is more specific in their reply and explains that Defendant Thorpe's inability to pay other defense costs after agreeing to do so has given rise to a potential conflict of interest. (Dkt. No. 14 at 2.) Plaintiff objects on the ground that Counsel has not provided an adequate reason and that Counsel's withdrawal will prejudice them and cause harm to the administration of justice because Defendants have not answered overdue discovery requests and are not equipped to do so without representation. (Dkt. No. 13 at 3–5.)

The Court is satisfied that Counsel has provided an adequate reason for withdrawal. Because explanations regarding Counsel's desire to withdraw for professional reasons may implicate confidential information, the Court requires no further explanation as to why they are withdrawing. *See* WA RPC 1.16 cmt. 3. New counsel has already entered a notice of appearance for Defendant Seth Heck and Jane Doe Heck. (Dkt. No. 18.) Counsel and Defendant James Thorpe have both submitted written declarations indicating that Defendant James Thorpe has also retained another attorney. (Dkt. Nos. 15 at 2, 16 at 2–3.) Counsel and James Thorpe have also both signed affidavits that counsel has informed the business entities that they must be represented by counsel pursuant to LCR 83.2(b)(4). (See Dkt. Nos. 20, 21.) Discovery is due November 18, 2024, and trial is set for March 3, 2025. (*See* Dkt. No. 10.) The Court is confident that Plaintiff and Defendants will be able to solve their discovery issues and meet all future deadlines with the aid of Defendants' new counsel, and that there will be no adverse impact on the parties or the administration of justice.

Accordingly, the Court FINDS that good cause exists for the withdrawal of counsel. It is hereby ORDERED that Attorneys Danial D. Pharris and Paul J. Spadafora are granted leave to withdraw as counsel for the Defendants in this matter.

DATED this 9th day of April 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE