THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZHIJIE ZHU, <br><br> Plaintiff, <br><br> v. <br><br> SHU-MEI WANG, *et al.*, <br><br> Defendants. | CASE NO. C23-1395-JCC <br><br> ORDER |

This matter comes before the Court on Defendants'[1] motion to strike (Dkt. No. 64) Plaintiff's amended complaint (Dkt. No. 63). Having thoroughly reviewed the briefing and record, the Court GRANTS the motion (Dkt. No. 64) for the reasons described herein.

The Court previously granted Plaintiff leave to file an amended complaint. (*See* Dkt. No. 61.) But in moving to strike the resulting First Amended Complaint, Defendants point out that the complaint, as filed (Dkt. No. 63), differs materially from that proposed (Dkt. No. 54-1) when Plaintiff sought and received leave to amend. (*See* Dkt. No. 61) (comparing the two). Defendants also note that Plaintiff failed to seek further leave or the parties' approval for such additional amendment. (*See* Dkt. No. 65.) In response, Plaintiff relies on the notion that leave to amend should be freely granted at any stage in a suit; moreover, additional amendment is necessary to

---

[1] Defendants Shu-Mei Wang and Beijing Men initially moved to strike. (*See* Dkt. No. 64.) Defendant Seth Heck later joined. (*See* Dkt. No. 67.)

"clarify the financial flow and involvement of newly identified entities under [Defendant] Thorpe's control." (Dkt. No. 68 at 2.) But Plaintiff's amendment is beyond the leave provided and, at this point, more than two years after-the-fact. Thus, it is unduly prejudicial to Defendants.[2]

Accordingly, the Court DIRECTS Plaintiff to file an amended complaint **in accordance with that previously proposed** (Dkt. No. 54-1) within five (5) days of this order. While the resulting delay will require another modification to the case schedule, it is modest compared to what would have been needed based on the First Amended Complaint (as filed). Thus, the newly modified case schedule, as necessary given the above, is as follows:

| Event | Date/Deadline |
| --- | --- |
| Deadline for Filing Amended Complaint | November 8, 2025 |
| Deadline to Serve Additional Defendants | November 21, 2025 |
| Discovery Cutoff | January 30, 2026 |
| Deadline for Dispositive Motions[3] | February 27, 2026 |
| Mediation | March 6, 2026 |
| Pretrial Order and Motions *in Limine* | June 12, 2026 |

---

[2] In determining whether to grant leave, the Court considers "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies . . . , undue prejudice to the opposing party[,] and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814–15 (9th Cir. 2020). Allowing further amendment, given the associated need for yet a further continuance (resulting in an additional delay), would be prejudicial to Defendants, who have litigated the case for years. (*See* Dkt. Nos. 1-3, 7.) *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). To note, it is unclear whether additional defendants have been served (over those who have appeared and litigated to date), as Plaintiff has not provided the Court with affidavits of service. *See* Fed. R. Civ. P. 4(l).

[3] Again, the Court ***strongly*** encourages the parties to submit dispositive motions to limit the genuine issues of fact for trial, thus preserving judicial resources.

| Event | Date/Deadline |
|---|---|
| Trial Briefs | June 19, 2026 |
| Bench Trial | June 29, 2026 |

Thus, the Court GRANTS Defendants' motion (Dkt. No. 64) and STRIKES Plaintiff's First Amended Complaint (Dkt. No. 63), along with Plaintiff's associated preacipes (Dkt. Nos. 71, 73). Plaintiff reaffirms the Court's leave to submit an amended complaint in conformity with that previously proposed (Dkt. No. 54-1). Plaintiff may renew the preacipe for additional summons *but only* for those as-of-yet unserved defendants named in the anticipated amended complaint, *see* (54-1 at 3–5), and must do so only after that amended complaint is lodged with the Court.

It is so ORDERED this 3rd day of November 2025.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE