THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZHIJIE ZHU, *et al.*,

           Plaintiffs,

      v.

SHU-MEI WANG, *et al.*,

           Defendants.

CASE NO. C23-1395-JCC

ORDER

This matter comes before the Court on Defendants D2 Commercial Lending, LLC ("D2"); Dominique Scalia; DBS Law; Daniel Fallon; and Grant Fallon's (collectively the "moving defendants") motion to dismiss (Dkt. No. 104), along with their request for judicial notice (Dkt. No. 105), and Defendant 2608 Hoyt LLC's ("Hoyt") joinder as to the motion to dismiss (Dkt. No. 179). Having thoroughly reviewed the briefing and record,[1] the Court GRANTS in part the motion to dismiss (Dkt. No. 104) and GRANTS in full the request for judicial notice (Dkt. No. 105) for the reasons described herein.

I.      **BACKGROUND**

This is a breach of contract and/or misrepresentation case involving loans Plaintiffs made to unsuccessful real estate projects. (*See generally* Dkt. No. 76.) Plaintiffs were allegedly enticed

---

[1] The Court considered only those portions of the record cited in accordance with LCR 10(e)(6).

ORDER
C23-1395-JCC
PAGE - 1

to do so based on representations from Defendants Seth Heck, Jim Thorpe, and Shu-Mei Wang. (*Id.* at 5–15.) These persons held themselves out to be developers and/or investors controlling significant real estate projects. (*Id.*) Mr. Heck, Mr. Thorpe, and Ms. Wang told Plaintiffs that the projects required additional funding to complete and that each would yield a high return once done and, regardless, be secured by a large portfolio of assets. (*Id.* at 5–15.) Thus, they represented attractive investment opportunities. Mr. Heck, Mr. Thorpe, and Ms. Wang supported these representations with various materials, site visits, and other information. (*Id.*) As a result, and at Ms. Wang's direction, Plaintiffs made the following loans to three of those projects: $500,000 on November 15, 2018, $380,000 on February 28, 2019, and $250,000 on April 12, 2019. (*Id.* at 9–11.)

Following the first investment, the 183rd Shoreline Apartments, LLC ("Shoreline Apartments") project, Mr. Thorpe provided Plaintiffs with a promissory note and deed of trust, which Mr. Thorpe signed in his capacity as manager both for the project and for Northlake Capital and Development, LLC. (*Id.* at 9.)[2] It turned out, though, that the investment was not as secure as Plaintiffs believed. This was for two reasons: First, the deed of trust was only for one of the seven lots comprising the Shoreline Apartments project. (*See* Dkt. Nos. 76 at 10, 105-1 at 219[3].) Second, by the time Mr. Thorpe recorded the deed of trust for that lot, it was in the back

---

[2] It is not clear from the complaint what supporting documents Plaintiffs received following the next two investments. (*See generally* Dkt. No. 76.)

[3] This is a chart summarizing all deeds of trust for the parcels comprising the Shoreline project (Parcels "A–G"). (*See* Dkt. No. 104 at 4 n.2.) It was prepared by Joseph Fanelli, the project's later-appointed receiver, and presented to the King County Superior Court in support of a liquidation proceeding. (*Id.*) This proceeding was referenced in Plaintiff's complaint. (*See, e.g.*, Dkt. No. 76 at 13–14) (referencing *D2 Commercial Lending, LLC v. 183rd Shoreline Apartments, LLC, KCSC Cause No. 20-2-13533-0 SEA*). Thus, it is incorporated into the complaint; moreover, the Court may take judicial notice of the existence of this and other filings and materials produced during that proceeding, as their existence is not reasonably subject to dispute. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of court filings); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.

ORDER
C23-1395-JCC
PAGE - 2

of the line and subordinate to other deeds of trust (including one held by Defendant She-Mei Wang). (*See* Dkt. Nos. 76 at 10–13, 105-1 at 219.)

The Shoreline Apartments project ran into financial difficulty not long after and defaulted on some of its debt. (Dkt. Nos. 76 at 13–15.) This resulted in a receivership petition to the King County Superior Court from one of the creditors and the assignment of a court-appointed receiver to liquidate the project's assets. (Dkt. No. 105-1 at 122.) Once named, the receiver concluded that the project's assets would not cover all the senior secured debt, much less the junior debt (including Plaintiff's investment). (*Id.* at 177.) So the receiver sought (and received) authorization to allocate anticipated sales proceeds solely to the senior secured claim holders. (*Id.* at 173–80, 230-31.) He then sold the project's parcels shortly thereafter. (*Id.* at 205.) As expected, the proceeds were less than the senior debt. (*See id.* at 147–62.) Plaintiffs, holding only a junior interest, got nothing (*see id.* at 177, 219). They lost the entirety of their investment in the Shoreline Apartments project, along with the other investments that they made. (*See* Dkt. No. 76 at 11.)

In response, and with the assistance of counsel, Plaintiff Zhijie Zhu filed suit. (Dkt. No. 1-1.) At the time, the named defendants were Shu-Mei Wang and her husband; Mr. Heck and his spouse; Mr. Thorpe and his wife; Northlake Capital and Development, LLC; the LLC comprising the Shoreline Apartments project, and LLCs comprising the other two projects that Mr. Zhu invested in: 5326 Roosevelt Way, LLC, and 4206 7th Ave., LLC. (*See generally* Dkt. No. 1-1.) Mr. Zhu's counsel later withdrew from the case. (*See* Dkt. No. 49.) Plaintiff then sought a continuance, explaining to the Court that he intended to proceed *pro se*; he also sought leave to file a proposed amended complaint, which the Court granted (and set a deadline to serve

2005) (incorporating documents referenced in a complaint). The Court does not take judicial notice of any factual findings made by that court.

any newly added defendants). (*See* Dkt. Nos. 54, 61.)[4]

The amended complaint added Mr. Zhu's spouse as a plaintiff in this matter and named as new defendants some of the senior secured creditors with priority over his liquidation claims, along with persons and entities associated in some way with those secured creditors. (*See id.* at 3–5.)[5] The moving defendants along with the joining defendant, all of whom were newly added, now move to dismiss. (Dkt. Nos. 104, 179.) They contend that the statute of limitations for claims asserted against them lapsed *before* Mr. Zhu filed his amended complaint; therefore, claims against them are time-barred. (Dkt. No. 104 at 7–9.)[6]

## II.   DISCUSSION

Pursuant to Rule 12(b)(6), a defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss on this basis, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive such a motion, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56

---

[4] Mr. Zhu then lodged a complaint that differed materially from the proposed one, *i.e.*, it exceeded the leave afforded by the Court. (*Compare* Dkt. No. 54-1, *with* Dkt. No. 63.) The Court struck the complaint and ordered Mr. Zhu to lodge the amended complaint, as proposed. (*See* Dkt. Nos. 64, 74.) Mr. Zhu did so on November 8, 2025. (Dkt. No. 76.)

[5] The amended complaint also contained allegations regarding (a) the relationships between certain defendants and (b) how some of the secured creditors came to be in a senior position. (*See* Dkt. No. 76 at 13–15.) Finally, Mr. Zhu added a variety of new causes of action, including one for civil conspiracy. (*See id.* at 19–21.)

[6] They also argue that, at least for Daniel Bugbee and Daniel Fallon, they were not timely served. (Dkt. No. 104 at 18.) In addition, they say that the amended complaint is ostensibly a collateral attack on the receivership and, as such, barred by *res judicata*. (*Id.* at 9–11.) Finally, they suggest that the amended complaint fails to plausibly assert causes of action against them, pointing to a litany of pleading deficiencies. (*Id.* at 11–18.) Because (as described below), the statute of limitations presents an insurmountable Rule 12(b)(6) bar, the Court limits its discussion to this issue.

ORDER
C23-1395-JCC
PAGE - 4

(2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cnty,* 487 F.3d 1246, 1249 (9th Cir. 2007).

A court may grant dismissal based on the statute of limitations "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citation and quotation marks omitted). Plaintiff filed the original complaint in this matter on August 7, 2023. (Dkt. No. 1-1.) He then lodged the amended complaint on November 8, 2025. (Dkt. No. 76.) That complaint contained a variety of causes of action against the moving defendants, as summarized below (along with the relevant statutes of limitations):

| Cause of Action | Statute of Limitations |
| --- | --- |
| Violations of Washington's Securities Act | 3 years (RCW 21.20.430(4)(b)) |
| Violations of Washington's Consumer Protection Act | 4 years (RCW 19.86.120) |
| Misrepresentation | 3 years (RCW 4.16.080(4)) |
| Unjust Enrichment | 3 years (RCW 4.16.080(3)) |
| Civil Conspiracy | 3 years (RCW 4.16.080(2)) |
| Fraudulent Transfer under RCW 19.40.041(a)(1) | 4 years (RCW 19.40.091) |

(Dkt. No. 76 at 15–21.) The amended complaint also asserts a breach of contract claim and one entitled "piercing the corporate veil" and/or "alter ego." (Dkt. No. 76 at 15, 21.) But the latter ascribes liability to a third party for what would otherwise be a party's conduct—it is not an independent cause of action. *See, e.g.*, *Holland Am. Line, N.V. v. Orient Denizcilik Turizm Sanayi Ve Ticaret, A.S.*, 2018 WL 6696699, slip op. at 2 (W.D. Wash. 2018). As to the former,

ORDER
C23-1395-JCC
PAGE - 5

the complaint lacks allegations that the moving defendants were privy to the agreement(s) at issue. (*See generally* Dkt. No. 76.) Thus, these are not colorable claims against the moving defendants and the Court will not address them here.

Turning back to the statutes of limitations: Because the complaint adding the moving defendants was filed on November 8, 2025, and the longest limitation period is four years, conducting supporting claims against them **must have occurred no later than November 9, 2021**. The amended complaint does not comport with this requirement, particularly in light of the receivership proceeding. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court may disregard allegations in a complaint if contradicted by matters properly subject to judicial notice.).

Plaintiffs made their first loan, to the Shoreline Apartments, on November 15, 2018. (*See* Dkt. No. 76 at 5–7.) The intended term was 12 months. (*Id.* at 7.) About a year later, Plaintiffs made "numerous demands for payment," without full repayment. (*Id.* at 11.) Instead, they received partial repayments from Mr. Thorpe, with the last receipt occurring in March 2020. (*Id.* at 12.) Thus, the logical inference is that, no later than the spring of 2020, Plaintiffs were aware things were amiss. Should there be any doubt, Plaintiffs were served with notice of the receivership on October 26, 2020, and the receiver's motion to approve the distribution to senior creditors on June 10, 2021. (*See* Dkt. No. 105-1 at 169–71, 184.) The King County Superior Court granted that motion (after considering others' objections) on July 12, 2021. (*Id.* at 134.) This is well before the November 2021 cut-off described above.

In response[7] to this deficiency, Plaintiffs rely on the discovery rule, along with the

---

[7] Plaintiffs filed two response briefs (Dkt. Nos. 119, 142). The second (Dkt. No. 142) does not comport with LCR 7(d)(4). While the Court provides *pro se* parties some degree of latitude, they remain "subject to the Federal Rules and the Court's Local Rules." *Smith-Thomas v. Home Depot USA Inc.*, 2025 WL 1447584, slip op. at 2 (W.D. Wash. 2025) (citing *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986)). As such, the Court will not consider arguments contained within that brief.

ORDER
C23-1395-JCC
PAGE - 6

doctrines of fraudulent concealment and/or equitable tolling.[8] (*See* Dkt. No. 119 at 12–16.) They contend that they had no way of knowing that the newly added defendants had a hand in Mr. Thorpe's scheme until Mr. Zhu engaged in a diligent investigatory effort beginning in 2023. (*See* Dkt. No. 119 at 12–13.) Plaintiffs also rely on the fact that they are not native English speakers and, thus, required translators to understand the magnitude of Mr. Thorpe's alleged fraud. (Dkt. No. 119 at 13.)

But none of this absolves Plaintiffs of the legal requirements for tolling of the statute of limitations. Fundamentally, regardless of the legal theory relied on, to toll the statute of limitations Plaintiffs must demonstrate that the moving defendants had a hand in misleading Plaintiffs and that Plaintiff could not have discovered this earlier through reasonable diligence. *See, e.g.*, *Green v. Am. Pharm. Co.*, 960 P.2d 912, 915 (Wash. 1998); *Millay v. Cam*, 955 P.2d 791, 797 (1998); *August v. U.S. Bancorp*, 190 P.3d 86, 96 (Wash. Ct. App 2008); *Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1521 (9th Cir. 1983). They fail to do so.

Nor would it appear that further amendment is warranted here, given the clear public record provided by the receivership proceeding that would be at odds with amendments supporting claims against the moving defendants. *See Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)

## III.   CONCLUSION

For the reasons described above, the Court GRANTS in part the motion to dismiss (Dkt. Nos. 104, 182) and DISMISSES all claims *with* prejudice against Defendants D2, Dominique Scalia, DBS Law, Daniel Fallon, Grant Fallon, and Hoyt. It also GRANTS the request for

---

[8] Plaintiffs also suggest, in passing, that the civil conspiracy claim does not accrue until "the last overt act in furtherance of the scheme." (Dkt. No. 119 at 15.) But they provide no legal authority for this proposition, nor is the Court aware of any. And the court is at pains to understand, from the complaint, what the "last overt act" would even be in this instance. Regardless, Plaintiffs' argument is in tension with Washington courts' general aversion to application of such continuing harm doctrines. *See, e.g.*, *Vance v. Pierce Cnty.*, 190 Wash. App. 1026 (Wash. App. 2015).

ORDER
C23-1395-JCC
PAGE - 7

judicial notice (Dkt. No. 105).

This ruling renders as moot the following outstanding motions: Plaintiffs' motions to disqualify DBS Law from representing D2 (Dkt. No. 88), for an extension of time to serve Mr. Fallon (Dkt. No. 111), to enforce service rules against the moving defendants (Dkt. No. 163), and for preservation of records (at least as to the moving defendants) (Dkt. No. 174), along with the moving defendants' motion for a protective order (Dkt. No. 175). The Clerk is DIRECTED to terminate the motions above, save the one seeking records preservation (Dkt. No. 174) which the Court will address by separate order.

It is so ORDERED this 23rd day of January 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C23-1395-JCC
PAGE - 8