THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZHIJIE ZHU, *et al.*,

                Plaintiffs,

     v.

SHU-MEI WANG, *et al*.,

                Defendants.

CASE NO. C23-1395-JCC

ORDER

This matter comes before the Court on the following motions and requests: Plaintiffs' motion to strike Defendant James Thorpe representation for certain limited liability company defendants (Dkt. No. 80), Plaintiffs' motion for an extension of time to serve a defendant (Dkt. No. 162), Plaintiffs' motion for a preliminary injunction as to the preservation of certain records (Dkt. No. 174), various service-related requests by Plaintiff Yating Wang (Dkt. No. 200, 202, 203), and Plaintiffs' request for judicial notice (Dkt. No. 209).

Many of these motions and requests ostensibly seek to enforce self-effectuating procedural rules or are purely requests to apply a legal doctrine (such as judicial notice) at some point in the future. While the Court understands the challenges *pro se* litigants face,[1] the Court

---

[1] The Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551

ORDER
C23-1395-JCC
PAGE - 1

must nevertheless admonish Plaintiffs to refrain from such unnecessary (and voluminous) filings. Further, once Plaintiffs make such a filing and (after expending diligent effort to ensure its necessity and appropriateness), if it becomes clear (from responsive briefing or otherwise) to Plaintiffs that the filing is unnecessary and/or procedurally improper, the Court implores Plaintiffs *to withdraw that request* through its electronic filings system. By failing to do so, Plaintiffs have caused significant unnecessary expense for some of the defendants in this matter along with a substantial allocation of this Court's finite time.

Nevertheless, to ensure a proper record, the Court addresses these outstanding requests and motions below. The Court will address Plaintiffs' outstanding motion to compel discovery from Mr. Thorpe (Dkt. No. 201) by separate order.

### i.    Strike LLC Representation (Dkt. No. 80)

Plaintiffs first ask the Court to "strike" individual Defendants James and Kimberley Thorpe as representatives for Defendants Northlake Capital & Development LLC; 183rd Shoreline Apartments, LLC; 5326 Roosevelt Way, LLC; and 4206 7th Ave, LLC. (Dkt. No. 80 at 3–4.) But Mr. and Mrs. Thorpe are not these entities' legal representative(s). The assertions otherwise by third-party counsel, (*see* Dkt. No. 65 at 3), upon which Plaintiffs now quizzically rely, have no import to the Court. In fact, these entities were initially represented by attorneys Daniel Harris and Paul Spadafora, until the Court permitted their withdrawal. (*See* Dkt. Nos. 20, 21. 22.) Thus, they are now unrepresented.

Indeed, an entity's appearance in federal court generally requires the presence of a licensed attorney. *See, e.g.*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citing 28 U.S.C. § 1654); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (same). This is true even for dissolved entities. *See, e.g.*, *P. Cnty. Tea Party v. Inslee*, 2022 WL 292779, slip op. at 2 (W.D. Wash. 2022) (dismissing a complaint

U.S. 89, 94 (2007). Nevertheless, they remain bound by the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

ORDER
C23-1395-JCC
PAGE - 2

signed by a non-attorney on behalf of a dissolved entity); *Freeland Lending, LLC v. RCJS Properties, LLC*, 2018 WL 4205058, slip op. at 2 (W.D. Wash. 2018) (refusing to allow a dissolved entity from proceeding *pro se*). As a result, these entities cannot be represented by Mr. and Mrs. Thorpe, as they do not profess to be, nor are they, licensed attorneys. (*See* Dkt. Nos. 20, 21, 82.) Nor can the entities continue to represent themselves here *pro se*.

The appropriate path forward, should Plaintiffs wish to obtain judgment against these apparently dissolved defendants, is to move for entry of default pursuant to Rule 55(a).[2] Once that is done, Plaintiff may seek default judgment against those defendants pursuant to Rule 55(b).

ii.    *Extend Time to Serve a Defendant (Dkt. No. 162)*

Plaintiffs next ask to extend the time for service on Defendant Alivia Sandquist and/or to allow service through alternative means. (Dkt. No. 162). Plaintiffs describe, in detail, their effort(s) to locate Ms. Sandquist. Based on those efforts, the Court finds good cause for extending the Rule 4(m) service deadline. "*See Efaw v. Williams*, 472 F.3d 1038, 1041 (9th Cir. 2007). Nevertheless, Plaintiffs have not established that service by mail is necessary. This is only permissible, under Washington law, if the person cannot be served personally "with reasonable diligence." RCW 4.28.080. While Plaintiffs explain how they recently discovered the current residence for Ms. Sandquist, they fail to explain what attempts at personal service, if any, they made at this address. (*See generally* Dkt. No. 162.) Thus, they fail to establish the requisite diligence.

iii.    *Preservation of Certain Records (Dkt. No. 174)*

Plaintiffs also ask for what they describe as a "preliminary injunction" to (a) compel certain defendants to preserve records and produce accountings, and (b) for a writ of attachment to ensure that certain defendants do not transfer assets during the pendency of this litigation.

---

[2] Plaintiffs previously moved for (and received from the Clerk) entry of default against these same defendants, (Dkt. Nos. 33, 44) but that was based on a prior iteration of the complaint (as filed by Plaintiffs' prior counsel on their behalf).

ORDER
C23-1395-JCC
PAGE - 3

(Dkt. No. 174.) Although the Court notes that some of the defendants which Plaintiffs now seek production from or the attachment thereto have been dismissed from this matter, (*see* Dkt. No. 194), so those defendants are no longer subject to the Court's jurisdiction. As to the remaining Defendants, Plaintiffs' request is procedurally inapt.

Production of discoverable information, in general, is governed by the rules of civil procedure and this Court's local rules. *See generally* Fed. R. Civ. P. 26, 34; LCR 26. Similarly, the pre-judgment attachment of assets, when permissible, is also governed by the rules of civil procedure, along with Washington State law. *See generally* Fed. R. Civ. P. 64, RCW 6.25 *et seq.* They largely provide the relief Plaintiff now seeks in that they impose on each party a duty to preserve and disclose relevant evidence. *See, e.g.*, *Musse v. King Cnty.*, 2021 WL 4709875, slip op. at 5 (W.D. Wash. 2021) (referencing litigant's preservation duties). No order from the Court is necessary for these rules to apply.

Nevertheless, to the extent Plaintiffs believe certain defendants are violating these rules—and can provide evidence (not just speculation) as to the specific violation—then Plaintiffs may move to compel production (or for attachment). But they must do so in accordance with the rules of procedure, Washington law, and this Court's local rules. *See generally* Fed. R. Civ. P. 37; RCW 6.25 *et seq.*; LCR 37. At a minimum, for example, a motion to compel has a meet and confer requirement. *See* Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1). Plaintiffs have not addressed this. Similarly, attachment (when permissible at all) requires a showing by a creditor (not simply a litigant) that a defendant is about to move assets to delay or defraud creditors. RCW 6.25.030. Plaintiffs have not made this showing.

<em>iv.     Service Issues (Dkt. No. 200, 202, 203)</em>

Plaintiff Wang, specifically, asks the Court to compel certain defendants to re-serve outstanding motions on her, provide proof of service as to prior filings, and to find that discovery responses from defendants, if not mailed to Plaintiff Wang, have not been timely provided. (*See generally* Dkt. Nos. 200, 202, 203.) All of this has to do with Plaintiff Wang's attempts to force

ORDER
C23-1395-JCC
PAGE - 4

defendants to serve her by mail, even though her husband is eligible for service through the Court's electronic filing system. (*See* Dkt. No. 219.) As the Court previously explained, Plaintiffs' collective attempts to manipulate the service rules amount to gamesmanship that the Court cannot countenance. (*Id.*) As a result, the Court struck any requirement for mail service on Plaintiff Wang. (*Id.*) This moots the request above.

v.      *Judicial Notice (Dkt. No. 209)*

Finally, Plaintiffs ask the Court to take judicial notice of various consent orders originating from the Washington State Department of Financial Institutions, along with the dockets for various King County and Snohomish County Superior Court proceedings. (*See generally* Dkt. No. 29.) As this Court previously indicated, Ninth Circuit guidance establishes that the Court will take judicial notice of the existence of such matters, to the extent they are not reasonably subject to dispute, but not take notice of any factual findings. (*See* Dkt. No. 194 at 2–3) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006)). Plaintiffs need not prospectively seek such notice. They need only contemporaneously provide the Court with the documents which they seek such notice of in support of a particular request for relief.

For the aforementioned reasons, the Court ORDERS as follows:

- Plaintiffs' motion to strike (Dkt. No. 80) is DENIED as moot.
- Plaintiffs request as to service of Ms. Sandquist (Dkt. No. 162) is GRANTED in part and DENIED in part. The service deadline for Ms. Sandquist is EXTENDED to 21 days from the date of this order. If, after Plaintiffs unsuccessfully attempt personal service at this address on at least two dates within this timeframe, the Court will consider a request for service by mail.
- Plaintiffs' request for what they describe as a preliminary injunction (Dkt. No. 174) is DENIED.
- Plaintiff Wang's requests as to service upon her (Dkt. No. 200, 202, 203) are DENIED.

//

//

//

ORDER
C23-1395-JCC
PAGE - 5

It is so ORDERED this 12th day of February 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C23-1395-JCC
PAGE - 6