THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZHIJIE ZHU, *et al.*,

            Plaintiffs,

      v.

SHU-MEI WANG, *et al.*,

           Defendants.

CASE NO. C23-1395-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion for leave to again amend (Dkt. No. 246). Having considered the briefing and the relevant record, and finding oral argument unnecessary, the Court DENIES the motion for the reasons explained herein.

This is a breach of contract and/or misrepresentation case based on $1.13 million in failed real estate loans. The case was set for trial last year but was continued at Plaintiffs' request. The current bench trial date is June 29, 2026. The Court described in detail the allegations in a prior order (Dkt. No. 193) and will not repeat that information. Instead, the Court briefly summarizes the case's procedural history, as it is relevant to disposing of the instant motion.

With the assistance of counsel, Plaintiff Zhijie Zhu first filed suit on August 7, 2023, in King County Superior Court. (Dkt. No. 1-1.) He asserted claims against Shu-Mei Wang, Seth Heck, and James Thorpe (and their spouses) in their individual capacities, along with Northlake Capital and Development Company, LLC (an entity controlled by Mr. Thorpe), and the three

entities controlling the real estate developments the loans were intended to partly finance. (*See id.* at 3.) At that time, Mr. Zhu alleged the individual defendants misrepresented the risks involved with the loans and that, by failing to repay the loans, the entity defendants breached contractual obligations. (*Id.* at 4–11.)

Defendants removed the matter to this Court on September 8, 2023. (Dkt. No. 1.) It set a March 2025 bench trial with a November 2024 discovery cut-off. (Dkt. No. 10.)[1] Up to this point, things progressed normally. Then in June 2025, Mr. Zhu's counsel sought to withdraw, representing to the Court that Mr. Zhu "clearly and unequivocally instructed [counsel] to terminate representation." (Dkt. No. 49.) The Court granted the request. (Dkt. No. 51.) And Mr. Zhu elected to proceed *pro se*. This is when the case fell off the rails.[2]

Shortly thereafter, Mr. Zhu sought to file an amended complaint, reopen discovery, and reset the trial date. (Dkt. No. 54.) This was based on allegations that the conduct described in the original complaint was part of a larger scheme orchestrated by a group comprised of the defendants named above, along with additional real estate investors (with a superior position to Mr. Zhu in the receivership proceeding), their advisers, and a web of related entities—all of whom contributed to Mr. Zhu's failed investment(s). (*See generally id.*) According to Mr. Zhu, the scale and scope of this scheme only became clear once he had the opportunity to fully review the regulatory filings associated with this network of actors, documents from the receivership, and the discovery to date. (*Id.*) Despite some misgivings, the Court reset the discovery cut-off to December 19, 2025, pushed the bench trial date to April 27, 2026, and granted Mr. Zhu leave to

---

[1] The Court *sua sponte* continued the bench trial date to November 2025 but left the discovery cut-off unchanged. (Dkt. No. 41.)

[2] Since then, the Court has been bombarded by motions and requests from Plaintiffs that either contain voluminous exhibits and supporting material lacking in directed citations and/or are procedurally infirm. (*See, e.g.*, Dkt. No. 173-2, 174, 203-1 *et seq.*, 208-1 *et seq.*, 209-3, 209-4, 211-1 *et seq.*) In response, the Court urged Plaintiffs to be more judicious in their use of the Court's time. (*See* Dkt. No. 218). Nevertheless, Plaintiffs have persisted in this practice. (*See, e.g.*, Dkt. Nos. 227, 234, 247-5 *et seq.*, 249-5 *et seq.*)

ORDER
C23-1395-JCC
PAGE - 2

amend, given the gravity of his allegations. (*See generally* Dkt. No. 61.). (*Id.* at 2.) However, Mr. Zhu filed a complaint that differed materially from that which he sought leave for. (*See* Dkt. No. 63). In response, and at the request of certain defendants, the Court struck the complaint, again reset the discovery cut-off and moved the bench trial to June 29, 2026. (*See* Dkt. No. 74.)

Mr. Zhu then filed the complaint he was granted leave to file (Dkt. No. 76), which is now the operative complaint in this matter. That complaint added his spouse as a Plaintiff and certain defendants. (*See generally id.*) In response, some of whom sought dismissal (Dkt. Nos. 104, 182), which the Court granted. (*See* Dkt. No. 194.) More recently, after the close of the new discovery cut-off, other defendants moved for summary judgment (Dkt. Nos. 184, 195, 229). In response, Plaintiffs again seek leave to amend. (Dkt. No. 246).[3] In support, they assert that the group of currently named defendants does not yet fully capture all who played a role in defrauding Mr. Zhu out of his original $1.13 million investment loan. (*See generally id.*)

When deciding whether to give leave to amend, the Court considers the following: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, and (4) futility. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In general, prejudice "carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Rule 15's policy of favoring amendments," the Ninth Circuit has said, should be applied with extreme liberality." *Roth v. Garcia Marques*, 942 F.2d 617, 628 (9th Cir. 1991) (internal citations omitted).

When viewing each factor, the Court does so "with all inferences in favor of granting the motion." *Griggs*, 170 F.3d at 880. Nevertheless, none of the factors support further amendment

---

[3] Rule 15(a)(1) allows a plaintiff to amend a complaint "once as a matter of course"—*i.e.*, without a court's approval—within (1) 21 days after the plaintiff serves the complaint or (2) 21 days after the defendant serves a motion under Rule 12(b), (e), or (f), whichever is earlier. If the plaintiff can no longer amend their complaint as a "matter of course," then they "may amend [their] [complaint] only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states that "court[s] should freely give leave when justice so requires."

ORDER
C23-1395-JCC
PAGE - 3

here. First, prejudice cuts strongly against amendment. Allowing further amendment would necessarily require reopening discovery. The associated outlay of resources to the impacted defendants would be prejudicial. *See, e.g.*, *Solomon v. N. Am. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). Second, waiting until after the dispositive motion deadline and resulting summary judgment motions (Dkt. Nos. 184, 195, 229) to seek leave to amend, at least to some extent, suggests bad faith on Plaintiffs' part. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Third, the undue delay is self-evident here, based on the undisputed record. The investment loans were made over seven years ago. (*See* Dkt. No. 76 at 5–11.) And the King County Superior Court approved the receivership distributions (ostensibly confirming that the loans at issue here were worthless) almost five years ago. (Dkt. No. 105-1 at 134.) Thus, Plaintiffs have been on notice for a very long time as to the defendants they now seek to add—this information has been available to Plaintiffs for years. A lack of diligence does not absolve delay. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (plaintiffs did not act diligently by waiting eight months to add a defendant when filings demonstrated they were on notice long before deadline lapsed). Fourth, futility also cuts against amendment. This is because, as described in the Court's prior order, the statute of limitations creates a significant barrier to claims against many of the defendants Plaintiffs now seek to add. (*See* Dkt. no. 194 at 5–8.)

For the foregoing reasons, the Court DENIES Plaintiffs' motion for leave to amend (Dkt. No. 246).

DATED this 3rd day of April 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C23-1395-JCC
PAGE - 4