THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZHIJIE ZHU, *et al.*,

Plaintiffs,

v.

SHU-MEI WANG, *et al.*,

Defendants.

CASE NO. C23-1395-JCC

ORDER

This matter comes before the Court on the following: a summary judgment motion from Defendants Shi-Mei Wang, Beijing Men, and Seth Heck (Dkt. No. 184); along with a similar motion from Defendant Allison O'Dea (Dkt. No. 195); and a notice of limited joinder from Defendants James Thorpe and Kimberley Thorpe (Dkt. No. 229) (collectively the "Moving Defendants"). The Court also reviews here all other motions outstanding in this matter (Dkt. Nos. 238, 239, 243, 248).[1] Having thoroughly considered the briefing and record and finding oral argument unnecessary (as each party has had a full opportunity to brief the issues presented,

---

[1] In addition, in responding to the instant motions, plaintiffs request additional discovery. (*See generally* Dkt. Nos. 208-1, 208-4.) This could, broadly construed, be considered as motions brought pursuant to Federal Rule of Civil Procedure 56(d). But, amongst other deficiencies, the request(s) fail to describe with particularity what additional information is required to fully respond to the Moving Defendants' motion(s). Thus, the request(s) do not comport with Rule 56(d) requirements, *see Emps. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004), and the Court will not consider them further.

ORDER
C23-1395-JCC
PAGE - 1

*see Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998)), the Court GRANTS in part the summary judgment motions (Dkt. Nos. 184, 195, 229) and DENIES all other motions (Dkt. Nos. 238, 239, 243, 248) as described below.

This is a breach of contract and/or misrepresentation case. Plaintiffs allege they were fraudulently induced to loan $1.13 million (in three transactions) to what unbeknownst to them proved to be risky real estate venture (comprised of multiple properties), resulting in a complete loss of their investment. (*See* Dkt. No. 76.) The Court described the allegations in more detail previously. (*See generally* Dkt. No. 194.) It will not repeat that information here.

The Moving Defendants, in support of their instant motions, argue that (a) Plaintiff's breach of contract claim fails as a matter of law *except* as to Defendant(s) Mr. and Mrs. Thorpe and (b) no genuine issues of fact preclude a finding that each extra-contract claim is barred by relevant statute(s) of limitations. (*See generally* Dkt. Nos. 184, 195, 229.) They ask for a ruling in accord with the above on each resulting claim. (*See generally id.*)[2]

Starting with the breach of contract claim, the complaint does not clearly indicate *which* of the Moving Defendants it asserts this claim against. (*See* Dkt. No. 76 at 16.) Nevertheless, as each now ask for a judgment on this claim as a matter of law, the Court will consider whether genuine issues of fact preclude doing so as to each Moving Defendant.

Importantly, at least as near as the Court can tell, Plaintiffs only allege that James Thorpe signed the agreements at issue (promissory note and deeds of trust) which Plaintiffs assert were

---

[2] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts in the light most favorable to the nonmoving party and draw justifiable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When a summary judgment motion is properly made, an opposing party must assert specific facts that present a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

ORDER
C23-1395-JCC
PAGE - 2

breached. (*See* Dkt. No. 76 at 9.) This is borne out by the documents in the record (showing that Mr. Thorpe signed them either in his personal capacity or on behalf of a non-moving defendant entity). (*See, e.g.*, Dkt. Nos. 185-1 at 3; 185-2 at 3; 185-3 at 3; 185-4 at 3; 188-2 at 9, 18, 25, 34, 39, 63, 106; 208-8 at 6; 208-13 at 4; 208-17 at 2–15.) And there is no allegation (and certainly no record evidence Plaintiffs point to) that Mr. Thorpe acted as a Moving Defendant's agent at the time. (*See generally* Dkt. No. 76.)

Foundationally, only the counterparty (or its agent) can be liable for a breach of that agreement. *See* RCW § 62A.3-401. As such, Plaintiffs fail to establish a genuine issue of fact precluding judgment as a matter of law that only Mr. Thorpe (and by extension Mrs. Thorpe) could have breached the agreements at issue. For this reason, summary judgment to all other Moving Defendants is warranted on Plaintiffs' breach of contract claim.

Turning to the extra-contract claims (myriad statutory and common law claims ranging from asserted statutory violations—such as Washington's Securities Act and its Consumer Protection Act—to unjust enrichment, to tortious conduct—including negligence and fraud): all fail as a matter of law. (*See* Dkt. No. 76 at 15–21.) While the elements for each vary, all must comply with a universal principle: an action based on such a claim must be brought within the (respective) statute of limitations. *See generally U.S. Oil & Refining Co. v. State Dept. of Ecology*, 633 P.2d 1329, 1333 (1981).

In general, this period begins when a plaintiff "has 'a right to apply to a court for relief.'" *Id.* (quoting *Lybecker v. United Pac. Ins. Co.*, 406 P.2d 945, 947 (1965)). Here, for each of the extra-contract claims, that period ended no more than four years after the right to sue accrued. *See, e.g.*, RCW §§ 4.16.080, 19.86.120, 21.20.430(4)(b). In arguing that statutes of limitations do not bar their extra-contract claims, Plaintiffs point to the discovery rule, asserting that they only became aware of the scope of the deception perpetrated against them recently. (*See generally* Dkt. Nos. 208, 226.)

But the discovery rule is only implicated if the party relying on it could not have made

the discovery earlier through reasonable diligence. *See Hart v. Clark Cnty.*, 758 P.2d 515, 517 (Wash. Ct. App. 1988) (citing *Peters v. Simmons*, 552 P.2d 1053, 1055 (1976)). And the Moving Defendants point to unrebutted evidence supporting the notion that Plaintiffs failed to demonstrate such diligence. This includes documents and testimony showing that the representations inducing Plaintiffs to invest, along with the resulting loans, and their receipt of allegedly non-compliant security interests all occurred *no later than July 2019*. (*See, e.g.*, Dkt. Nos. 185, 185-1, 185-2, 185-3, 185-4, 188-2, 188-4, 188-5, 208-1, 208-4.) Nor is it lost on the Court that Plaintiffs were notified of the receiverships and foreclosure for each of the properties securing their debt but took no action there to protect their interests in those proceedings. (*See, e.g.*, Dkt. Nos. 188 at 11; 188-3 at 90, 98, 102, 196; 188-6 at 56, 82, 84, 111.) Instead, years later, they filed suit here, alleging that all involved were part of a conspiracy to dupe them out of their investment(s). (*See generally* Dkt. No. 76.) At bottom, Plaintiffs fail to point to specific record evidence to establish a genuine issue of fact that would bar a statute of limitations defense for each of their extra-contract claims as to this alleged conspiracy.

Finally, as to the remaining motions: In the first (Dkt. No. 238), Plaintiffs sought leave to file a sur-reply to a declaration filed in support of Defendants Wang, Men, and Heck's summary judgment motion (Dkt. No. 231). That motion (Dkt. No. 238) is mooted by the ruling(s) above. All other motions (Dkt. Nos. 239, 243, 248) deal with Mr. and Mrs. Thorpe's failure to timely respond to certain discovery requests from Plaintiffs, resulting in, amongst other things, Mr. and Mrs. Thorpe's deemed admission(s) in accordance with Federal Rule of 36(a)(3). Because this case is now significantly narrowed and disposition on the merits remains the desired outcome, the Court deems it appropriate to strike Mr. Thorpe's deemed admissions, briefly reopen discovery, and establish a new case management schedule. That schedule is as follows:

| Event | Date/Deadline |
|---|---|
| Discovery Cutoff | June 30, 2026 |

ORDER
C23-1395-JCC
PAGE - 4

| Event | Date/Deadline |
|---|---|
| Deadline for Additional Dispositive Motions | July 31, 2026 |
| Mediation | September 14, 2026 |
| Pretrial Order and Motions *in Limine* | November 30, 2026 |
| Trial Briefs | December 4, 3036 |
| Bench Trial | December 14, 2026 |

Based on the above, the motions relating to Mr. and Mr. Thorpe's compliance with discovery obligations (Dkt. Nos. 239, 243, 248) are now moot.

For the foregoing reasons, the Moving Defendants motion(s) for summary judgment (Dkt. Nos. 184, 195, 229) are GRANTED in part and all claims against the Moving Defendants, *except* Plaintiffs' breach of contract claims against Mr. and Mrs. Thorpe, are DISMISSED. And the remaining motions (Dkt. Nos. 238, 239, 243, 248) are DENIED as moot. Finally, the Court resets the case schedule in this matter as described above.

It is so ORDERED this 13th day of May 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C23-1395-JCC
PAGE - 5