THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZHIJIE ZHU, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SHU-MEI WANG, *et al.*,<br><br>Defendants. | CASE NO. C23-1395-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motions to compel (Dkt. No. 301) and to shorten the time for consideration of the motion to compel (Dkt. No. 302). Having thoroughly considered the briefing and record, the Court GRANTS in part the motion to compel (Dkt. No. 301) and DENIES as moot the motion to shorten time (Dkt. No. 302) as discussed below.

Trial here is set for December 14, 2026, with a discovery cut off of June 30, 2026. (Dkt. No. 272.) On June 20, 2026, Defendants James and Kimberly Thorpe provided their updated and final responses to Plaintiffs' interrogatories, requests for admissions and requests for production. (Dkt. No. 301-11.) In now moving to compel, Plaintiffs ask the Court to order that Defendants provide more fulsome responses and documents (including a privilege log where required) and to serve those responses and documents (and log) in a manner consistent with Federal Rule of Civil Procedure 5. (*See generally* Dkt. No. 301.) Plaintiffs also seek Rule 37(a)(5) reasonable expenses. (*See generally id.*)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If requested discovery is not provided, the requesting party may move for an order compelling such discovery. *Id.* at 37(a)(1). An incomplete answer is treated as a non- answer. *Id.* at 37(a)(4). If a party fails to comply with a discovery order, the district court may also sanction that party accordingly. *Id.* at 37(b)(2), 37(d)(1)(A)(i). The Court has broad discretion to decide whether to compel discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

In moving to compel, Plaintiffs provide the Court with a summary of Defendants' responses and production they now take issue with. (*See* Dkt. No. 301-9). Having closely reviewed each, the Court FINDS the following from Defendant James Thorpe incomplete and requiring supplementation (or production of a privilege log): Interrogatories Numbers 12, 14, 21; Requests for Production 2, 8, 9, 12, 35, 36, 37; and Requests for Admission 60, 61, 62, 65. And the Court FINDS the following incomplete and requiring supplementation (or production of a privilege log) from Defendant Kimberly Thorpe: Request for Production 20, 21. **This supplementation must occur within 30 days of this order.** To accommodate the supplementation above (and possible further motion practice), the discovery cut-off is hereby extended to September 4, 2026, with a deadline for resulting discovery motions of September 18, 2026. All other deadlines remain unchanged. The Court DECLINES Plaintiff's request to command that Defendants serve their supplementation by physical mail pursuant to Federal Rule of Civil Procedure 5, given the difficulties in serving such responses internationally when electronic service has, to date, proven to be a more effective means of service in this matter.

As to Rule 37(a)(5)(A) expenses—Defendants have failed to demonstrate that their failure to fully disclose here (as described above) was substantially justified. (*See generally* Dkt. No. 305.) Thus, a reasonable expense award is, indeed, warranted. Plaintiffs are DIRECTED to lodge an accounting of those expenses to the Court within 14 days of this order. Defendants may file a brief in response to this accounting within 7 days thereafter.

It is so ORDERED this 5th day of August 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE